# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNEIKA THOMAS,  )<br> )<br>    **Plaintiff,**  )<br> )<br>**v.**  )<br> )<br>BREAD FINANCIAL PAYMENTS,  )<br>INC.,  )<br> )<br>    **Defendant.**  )  | **CIVIL ACTION NO.**<br><br>_____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Comenity Bank and Comenity Capital Bank, incorrectly named herein as Bread Financial Payments, Inc. (collectively, "Comenity" or "Defendant"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the Magistrate Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds in support of this Notice of Removal, Defendant respectfully states as follows:

53334774 v1

## I. PROCEDURAL HISTORY

1. Plaintiff Uneika Thomas ("Plaintiff") commenced this action by filing a Statement of Claim ("Complaint") in the Magistrate Court of Gwinnett County, Georgia against Defendant. The Complaint was assigned case number 24-M-00417. (*See* Complaint, attached hereto with the state court file as **Exhibit A**.)

2. The Complaint was served on Defendant on January 9, 2024.

3. The Complaint alleges that Defendant reported inaccurate information on Plaintiff's credit report and asserts violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Plaintiff also asserts claims for defamation and unspecified violations of the U.S. Constitution, the Uniform Commercial Code, and common law. (See generally Ex. A, Compl.) The Complaint seeks damages in the amount of $15,000. (*Id.*)

4. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

6. This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting claims against Defendant under the FDCPA and the FCRA, both of which are federal statutes. *See* 15 U.S.C. § 1692, *et seq.*, 15 U.S.C. § 1681, *et seq.* (*See* Ex. A, Compl.) Plaintiff also asserts that Discover violated her rights under the U.S. Constitution. (*Id.*)

8. Accordingly, federal question jurisdiction exists, as Plaintiff's FDCPA, FCRA, and constitutional claims arise under the laws of the United States and could have been originally filed in this Court.

## III. SUPPLEMENTAL JURISDICTION

9. This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because they form part of the same case or controversy as Plaintiff's federal claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides

in pertinent part as follows: "[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

10.     In the instant case, Plaintiff's state law claims for defamation, violation of the Uniform Commercial Code, and violation of common law are based on the same activity that forms the basis for her federal claims under the FDCPA, FCRA and the U.S. Constitution and are based on the same set of operative facts. Specifically, Plaintiff alleges that Defendant is liable under both federal and state law for allegedly reporting inaccurate information on her credit report. (*See* Ex. A.) Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

11.     Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to avoid an unnecessary duplication of judicial resources. *See Braswell Wood Co., Inc. v. Waste Away Group, Inc.*, No. 2:09-cv-891, 2011 WL 2292311, *3 (M.D. Ala. June 9, 2011) (recognizing that judicial economy is a consideration in whether to exercise supplemental

jurisdiction). In the instant case, Plaintiff's state law claims arise from the same transaction or occurrence but do not raise novel or complex issues of state law or predominate over Plaintiff's federal claims. Therefore, this Court should exercise jurisdiction over all claims asserted in the Complaint. *See id.* at *1 (citing 28 U.S.C. § 1367(c)).

### IV. ADOPTION AND RESERVATION OF DEFENSES

12.   Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Georgia law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Defendant also reserves the right to demand arbitration pursuant to any contractual agreements with Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

### V. PROCEDURAL REQUIREMENTS

13.   This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

14. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendant to date in this case.

15. This Notice of Removal is filed within thirty days after service on Defendant of the Complaint and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.

16. Defendant has not previously sought similar relief.

17. The United States District Court for the Northern District of Georgia, Atlanta Division, is the District and Division embracing the place where this action is pending in state court.

18. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19. Contemporaneously with the filing of this Notice of Removal, Defendant has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Magistrate Court of Gwinnett County, Georgia. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Magistrate Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 8th day of February, 2024.

> */s/ Rachel R. Friedman*
> Rachel R. Friedman
> Georgia Bar No. 456493
> rfriedman@burr.com
> BURR & FORMAN, LLP
> 1075 Peachtree Street NE, Suite 3000
> Atlanta, GA 30309
> Telephone:  (404) 815-3000
> Facsimile:  (404) 817-3244
>
> Attorney for Defendant
> COMENITY BANK AND COMENITY CAPITAL BANK

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

/s/ *Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com

BURR & FORMAN LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following via U.S. First Class Mail, postage prepaid, on this 8th day of February, 2024:

Uneika Thomas
12272 Anchor Way
Hampton, GA 30228

                                         */s/ Rachel R. Friedman*
                                         Rachel R. Friedman
                                         Georgia Bar No. 456493
                                         rfriedman@burr.com